**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

IN RE: SEARCH WARRANTS

Case Nos. 26-mj-205 (JFD)
26-mj-206 (JFD)
26-mj-207 (JFD)
26-mj-208 (JFD)
26-mj-209 (JFD)

**FILED UNDER SEAL**

### ORDER TO SHOW CAUSE

This Order to Show Cause relates to five applications for search warrants and two earlier orders of this Court.[1] All are under seal and the Court believes they should now be unsealed. If the United States believes to the contrary, it must show cause why the search warrant applications and orders should remain under seal by filing written objections (under seal) no later than 5:00 PM Central Time on Friday, May 15, 2026.

The Court declined to authorize the requested warrants on February 24, 2026, and issued a written order explaining the deficiencies that it found in the warrants. The United States then amended the warrant applications and re-submitted all of them, except 26-mj-

---

[1] This Order applies to the original and re-submitted search warrant applications in 26-mj-205; 26-mj-206; 26-mj-207; 26-mj-208; the original search warrant application in 26-mj-209, which was not resubmitted; this Court's Order at Dkt. No. 2 of each of the five dockets; this Court's Order at Dkt. No. 4 of all dockets except 26-mj-209; the email from the case agent to the clerk of court withdrawing the pending applications, but with the agent's name redacted; this order; and if the United States objects to unsealing and the Court denies those objections, then the objections and any order ruling on those objections.

209. The Court found that three of the re-submitted warrants[2] were subject to the Privacy Protection Act, 42 U.S.C. § 2000aa, which places strict limits on the government's ability to search for or seize the work product of individuals "reasonably believed to have a purpose to disseminate to the public a newspaper, book, broadcast, or other similar form of public communication, in or affecting interstate or foreign commerce." 42 U.S.C. § 2000aa(a). On March 6, 2026, the Court therefore ordered that if the United States wished to have these search warrant applications considered, it had to first comply with the U.S. Justice Department's regulations governing applications to a court for a warrant to search "the premises, property, or communications of a member of the news media," in particular, the requirement that notice be given to the person whose records are to be searched. 28 C.F.R. § 50.10(e). Instead of following those procedures, on March 26, in an email to the clerk of court from the case agent, the United States elected to withdraw the search warrant applications.

All of the activity described in the preceding paragraph took place under seal, as is typical when the Court is dealing with investigative matters such as search warrants. However, all of these warrant applications relate to *United States v. Armstrong, et al.*, Case No. 26-cr-25 (LMP/DLM), in which the grand jury has alleged that a number of defendants conspired to violate the right to freedom of religious worship of persons attending a religious service at Cities Church in Saint Paul on the morning of Sunday, January 18,

---

[2] The fourth re-submitted warrant application, 26-mj-208, did not implicate the Privacy Protection Act, but was denied because the warrant application did not establish probable cause to believe that evidence of alleged criminal activity would be found on the cellular telephone sought to be searched.

2026. That case has been extensively publicized by the government, all defendants have appeared in court, and a deadline for Rule 16 disclosures has been set by the magistrate judge permanently assigned to the case, the Honorable Douglas L. Micko. The facts said to establish probable cause for the requested searches are copied, almost verbatim, from the indictment.

On March 6, in connection with its directive that the defendants be informed of these search warrant applications if the United States wished to move forward with them, the Court wrote that it "cannot foresee any harm that will come from advising the defendants that these three warrants have been applied for." (Order Taking Apps. Under Advisement, Dkt. No. 4, at 7.) What was true on March 6 is still true today; the Court can see no reason to continue the sealing of these search warrant applications and court orders. Recognizing that some court matters must legitimately be kept from being made public, courts should still, to the maximum extent feasible, operate transparently and openly. *In re Search Warrant for Secretarial Area Outside Office of Gunn*, 855 F.2d 569, 573 (8th Cir. 1988) (holding that there is a First Amendment right of public access to documents filed in support of search warrant applications because such access "is important to the public's understanding of the function and operation of the judicial process and the criminal justice system and may operate as a curb on prosecutorial or judicial misconduct," but sealing search warrant documents in that specific case, which involved an ongoing, unindicted investigation). The Court is considering whether unsealing these documents is appropriate. Before taking any action, the Court will give the United States an opportunity to object, and to give reasons for that objection.

IT IS HEREBY ORDERED that if the United States objects to the unsealing of the documents listed in footnote one, it shall file those objections with the Court, in writing and under seal, no later than 5:00 PM Central Time on Friday, May 15, 2026.

Date: May 1, 2026

*s/ John F. Docherty*
JOHN F. DOCHERTY
United States Magistrate Judge

4